No. 18,990.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SHAWNEE, *Appellee*, v. R. L. THOMAS, *Appellant*.

SYLLABUS BY THE COURT.

1. FEES AND SALARIES—*District Clerk—Proper Distribution of Fees of His Office.* Under the General Statutes relating to fees and salaries the clerk of the district court of Shawnee county was entitled to a salary of $3000 per year out of the fees of his office and one-half of the excess of such fees above the salary. (Gen. Stat. 1909, § 3663.) By chapter 213 of the Laws of 1901 the clerk was authorized to pay the salaries of necessary deputies and assistants out of the fees of his office not exceeding $2000 in any year, all the balance of the excess fees remaining thereafter to be paid over to the county

treasurer. The general statute, except as modified by the act of 1901, was in force during the official service of the defendant. Construing the provisions of these statutes together and in connection with the title of the act of 1901, it is held that the clerk's salary of $3000, together with the salaries of deputies and assistants not exceeding $2000 in any year, should be deducted from the whole amount of the fees. One half of the remainder may be retained by the clerk and one-half should be paid by him to the county treasurer. By the general law the excess fees above the salary were divided between the clerk and the county. The special act does not prevent this division, but allows the deduction of the expense of office help in addition to the salary before the division is made.

2. SAME—*Expense of Auditor—Improperly Charged.* The expense of an audit of the books and accounts of the clerk for his benefit by accountants employed by him should not be included in the allowance provided by the act of 1901 for salaries of deputies and assistants.

3. SAME—*Interest on Balances.* The county is entitled to interest upon balances of fees due from the clerk.

4. SAME—*Ambiguity in Statement of Fact.* An ambiguity appearing in the agreed statement of facts concerning a specified item, it is directed that the item shall be determined by the district court upon evidence, or admissions of the parties.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed May 9, 1914. Modified.

*J. J. Schenck, A. M. Harvey,* and *J. E. Addington,* all of Topeka, for the appellant.

*W. E. Atchison,* county attorney, and *Ernest R. Simon,* of Topeka, for the appellee.

The opinion of the court was delivered by

BENSON, J.: The defendant was clerk of the district court of Shawnee county from January 14, 1907, to March 12, 1912, and this is an action to recover balances of the excess fees of that office alleged to be due to the county.

The question to be determined is the disposition of the clerk's fees remaining after payment of his salary of $3000 per year. The material facts necessary to be considered in deciding the principal question in this case, contained in the agreed statement, are:

"1. The sum of $671.50 heretofore paid out by defendant as clerk hire out of clerk's fees was moneys paid to L. G. Beal and W. R. Falkner, accountants, for the purpose of making a complete audit of the books and accounts in the clerk's office for the benefit of Mr. Thomas, as clerk.

"2. The clerk's fees collected by defendant over and above the sum of $3000.00 per year, during the defendant's incumbency of the office, and over and above clerk hire paid by him, excepting the said sum of $671.50 referred to in paragraph numbered 1 of this statement, is $13,794.89."

Incidental questions arise respecting the allowance of interest and the item of $671.50. The district court deducted that amount from the $13,794.89 item, and gave judgment for the remainder, $13,123.39, together with $1438.76 interest, amounting to $14,572.15.

The general statute fixing fees and salaries (Gen. Stat. 1909, § 3663) provides that the clerk of the district court in counties having a population of over 45,000 shall receive a salary of $3000 per year out of fees collected, and that one-half of the excess over that sum shall be paid to the county treasurer. This statute was in force in Shawnee county during the defendant's official service, except as modified by the following act:

"AN ACT authorizing the sheriff and the clerk of the district court of Shawnee county to pay certain expenses of their offices out of certain fees earned and collected by said officers.

*"Be it enacted by the Legislature of the State of Kansas:*

"SECTION 1. That the sheriff and the clerk of the district court of Shawnee county are hereby authorized to apply to the payment of the salaries of their necessary deputies and assistants the excess fees, if any there be, earned and collected by said officers, not exceeding for said sheriff's office the sum of three thousand dollars in

any one year, and for said clerk's office not exceeding the sum of two thousand dollars in any one year; provided, that all the balance of such excess fees remaining thereafter shall be paid over by said officers to the county treasurer and become a part of the general revenue fund of said county." (Laws 1901, ch. 213, § 1.)

The provisions of the general statute will be referred to as the general law, and the act of 1901 as the special act.

It is argued for the plaintiff that the special act requires the clerk to pay to the county treasurer all the fees remaining in his hands after paying his salary of $3000, and the salaries of deputies and assistants not exceeding $2000 per year. The district court adopted this construction. The defendant contends that the only change made by the special act is to allow him to retain the salaries of the deputies and assistants out of the one-half otherwise due to the county under the general law, leaving one-half intact to the clerk. An argument advanced in his behalf is that if the special act is construed as the plaintiff insists, it takes away a part of his compensation fixed by the general law, a subject not within the title; that the general law already gave him the right to deduct these expenses from the whole amount collected, provided the county received one-half of that amount, and therefore, upon the plaintiff's theory, the only change effected by the special act would be to require the payment of all of the remainder into the county treasury—a matter not suggested by the title.

Without discussing the proposed constructions, it is sufficient to say that the court adopts neither. Considering the general law, together with the title and provisions of the special act, it is concluded that the clerk's salary of $3000, together with the salaries of deputies and assistants not exceeding $2000 in any year, should be deducted from the whole amount of the fees. One-half of the remainder may be retained by the clerk, and one-half should be paid by him to the county treas-

urer. By the general law the excess fees above the salary were divided between the clerk and the county. The special act, as we construe it, does not prevent this division, but allows the deduction of the expense of office help in addition to the salary before the division is made. So understanding the provisions of the special act, they are sufficiently indicated by the title.

It should be observed that before the passage of the special act the clerk was not reimbursed for the salaries of deputies and assistants. The expense was his. That act authorized the payment of this expense out of the whole amount of the fees just as his own salary was paid. This interpretation lifts the burden of the expense of providing office help from the clerk and places it upon the fund arising from fees before dividing that fund.

The defendant objects to the allowance of interest on balances due to the county. Two grounds are stated for this objection, viz., that he had sufficient money on hand at all times to meet the claims, and that no demand was made for payment. In his affidavit, read on the motion for a new trial, it was stated that he had on hand and on deposit all moneys claimed by the county. Without considering whether the district court was bound in any event to reopen the case and hear further evidence upon the question of interest at the time the affidavit was presented, it is not perceived how the fact that the defendant had the money in his pocket or in a bank should affect his liability for interest. Neither does the fact that the county board did not demand the money excuse his default. His duty to pay did not rest upon the demand of any other officer or officers but upon the mandate of the statute to pay the money to the county treasurer. In the absence of reports required by law, the county was not informed of the balances due from the clerk until the completion of its audit, which the agreed statement shows was shortly before the action was commenced. The bal-

ances were due for successive periods beginning, as the statement shows, in December, 1907, and continuing for each year while he held the office. The assignment of error upon the allowance of interest can not be sustained.

The item of $671.50, referred to in the agreed statement, was allowed to the defendant as clerk hire, and treated as part of the salaries of deputies and assistants. The plaintiff in a cross-appeal complains of this allowance, and with good reason. It can not be supposed that the legislature intended to include the expense of an audit of his own accounts made by the clerk for his own benefit, under the expression "salaries of necessary deputies and assistants." The assistants here referred to are of the same class, such as clerks in the office.

The plaintiff also complains of a deduction, in rendering judgment, of the same $671.50 item from the amount of $13,794.89 stipulated as the balance over and above the $3000 salary and clerk hire. The plaintiff insists that even if the item was properly allowed as clerk hire, still it should not have been deducted; and if the allowance was erroneous it should have been added to the $13,794.89 to make up the principal sum due to the county. An examination of the stipulation and an additional agreed statement of facts contained in the abstract leaves a doubt concerning the disposition made of this item in arriving at the amount of $13,-794.89. The language of the second paragraph of section 2 of the stipulation is ambiguous in this respect. There can be no doubt or uncertainty about the fact, however. It will be determined by the district court upon evidence to be taken or admissions of the parties.

The judgment should be modified according to the views expressed in this opinion, and the cause is remanded for such modification.